[Cite as *State v. Freed*, 2015-Ohio-4332.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15-CA-34 |
| | : | |
| JUSTIN A. FREED | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Licking County
                                    Municipal Court, Case No. 15CRB00547

JUDGMENT:                           AFFIRMED

DATE OF JUDGMENT ENTRY:             October 16, 2015

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

MARK D. GARDNER                             WILLIAM T. CRAMER
JOHNSTOWN PROSECUTOR                        470 Olde Worthington Rd., Ste. 200
23 South Park Place, Ste. 208              Westerville, OH 43082
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Justin A. Freed appeals from the May 7, 2015 Sentencing Entry of the Licking County Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from appellant's bench trial.

{¶3}   This case arose on April 2, 2015 around 10:00 p.m. when appellant knocked loudly on Brett Daley's front door, looking for Daley's brother Mike.  Daley said Mike didn't live there and told appellant to go home.  Appellant stayed and continued to "ramble" and yell.

{¶4}   Daley's wife, Whitney Woods, came out of the house and joined the argument.  A car pulled up and several men jumped out and ran up to the porch: Josh Freed (appellant's brother), Chuckie Bailey, and an unknown man.  These three joined the argument, demanding to know where Mike Daley was.  Brett Daley continued to tell them all to leave.  Woods told the group "This is bull crap that you're doing this in front of our kids, scaring them" and Josh Freed punched Woods in the arm, pushing her against the house and launching a melee.

{¶5}   Brett Daley came off the porch and punched Josh Freed.  The unknown man grabbed Daley by a leg and held him in place while appellant, Josh Freed, and Bailey hit and kicked Daley.  Daley testified all three, including appellant, hit and kicked him repeatedly.

{¶6}   Next door, Joseph Norris and his family heard the melee and came outside.  Joseph Norris told the group to leave because his wife called the police.  Appellant hit Norris and also struck his son, Joey.  Norris' wife yelled that police were on

their way. At that, the other assailants jumped in the car and took off, except appellant. Appellant remained in Daley's yard and continued to argue with Daley and the neighbors until police arrived.

{¶7} Appellant testified on his own behalf at trial. He admitted he was intoxicated during the incident and admitted "scuffling" with Daley and the neighbors, although he claimed he only fought back in self defense. Most surprisingly, appellant was the only witness to claim none of the other men were there, including his brother Josh. First appellant said as he and Daley started hitting each other the others arrived and he didn't know where they came from. Then, in response to direct questions from the trial court, appellant reversed course and said no car ever arrived and no one fought Daley and the Norrises except for him.

{¶8} Appellant was charged by criminal complaint with one count of aggravated trespass pursuant to R.C. 2911.211, a misdemeanor of the first degree [Count I]; and two counts of assault pursuant to R.C. 2903.13, both misdemeanors of the first degree [Counts II and III].[1] Appellant entered pleas of not guilty and the case proceeded to bench trial. Appellant was found guilty as charged.

{¶9} Appellant now appeals from the judgment entries of conviction and sentence.

---

[1] Brett Daley is the named victim on Counts I and III; Joseph Norris is the named victim on Count III.

{¶10} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I.   APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE HIS CONVICTIONS FOR ASSAULT WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶12} "II.   THE ASSAULT COUNTS WERE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶13} Appellant's two assignments of error are related and will be considered together.  Appellant argues his convictions for assault[2] are against the manifest weight and sufficiency of the evidence.  We disagree.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.  The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any

---

[2] Appellant does not challenge his conviction for aggravated trespass.

rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶16} Appellant's arguments on appeal are premised upon inconsistencies in some witnesses' testimony regarding which Freed struck which victim. It is well-established, though, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. The trial judge, acting as the trier of fact in appellant's case, was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "'While the [factfinder] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence.'" *State v. Naugle*, 182 Ohio App.3d 593, 2009-Ohio-3268, 913 N.E.2d 1052, ¶ 20 (5th Dist.), citing *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 2000 WL 297252 (Mar. 23, 2000), *3. Jurors may accept only portions of a witness's testimony as true

and may reject the rest. Id., citing *State v. Raver,* 10th Dist. Franklin No. 02AP–604, 2003-Ohio-958, ¶ 21.

{¶17} Here, the trial judge heard the witnesses, evaluated the evidence, and was convinced of appellant's guilt. Daley unequivocally testified appellant hit and kicked him, and Norris testified appellant hit him. Appellant himself admitted he was intoxicated and he "scuffled" with Daley and the neighbors, although he claimed his blows were struck in self-defense. As the trial court pointed out in ruling from the bench, appellant's credibility was all but destroyed when he alone insisted the rest of the assailants were never on the scene. Upon our review of the record, we find appellant's assault convictions are supported by sufficient evidence and are not against the manifest weight of the evidence.

{¶18} Appellant's two assignments of error are overruled.

## CONCLUSION

{¶19} Appellant's two assignments of error are overruled and the judgment of the Licking County Municipal Court is affirmed.

By:  Delaney, J. and

Farmer, P.J.

Baldwin, J., concur.